UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLARENCE GANAWAY, ) | Case No. 1:09CV158 |
| ) | |
| Petitioner, ) | JUDGE JACK ZOUHARY |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| WARDEN, MARION CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| ) | |

## I. PROCEDURAL HISTORY

On January 18, 2009, Petitioner Clarence Ganaway (Petitioner) executed an AO 241 "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" form (hereinafter "AO241 form") alleging four general grounds for relief. ECF Dkt. #1. In this petition, Petitioner provided the following:

  A. Ground one: <i>(apparently referring to the listed grounds enumerated on the petition form) DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL. 6TH ADMENMENT[sic] VIOLATION U.S.C.

    Supporting Facts: <e> (apparently referring to the listed grounds enumerated on the petition form) CONVICTION OBTAINED BY A VIOLATION THE OF THE PRIVILEGE AGAINST SELF-INCRIMINATION

    G. (apparently referring to the listed grounds enumerated on the petition form) DOUBLE JEOPARDY - A REPEAT VIOLENT OFFENDER, AND A NOTICE OF PRIOR CONVICTION WHICH RELATES TO A CRIME 30, YEARS AGO. PAID SOCIETY IN 1974.

  B. Ground two 3. PROSECUTION DID NOT GIVE ALL EVIDENCE. NO COWORKERS WAS GIVEN TO THE DEFENDANT.

    Supporting facts: PLEASE SEE ATTACHMENT 39 PAGES-MEMORANDUM-INCLUDED.

  C. Ground three <F> (apparently referring to the listed grounds enumerated on the petition form)

> Supporting Facts: PLEASE SEE ATTACHMENT MEMORANDUM
>
> D. Ground four
> Supporting facts: PLEASE SEE ATTACHMENT 39 PAGES

On July 9, 2009, Respondent Warden of the Marion Correctional Institution (Respondent) filed an Answer/Return of Writ acknowledging that Petitioner's attachment memorandum was not included with the petition, but nevertheless attempting to address Petitioner's grounds for relief. ECF Dkt. #10.

On August 11, 2009, the undersigned issued an Order indicating that Petitioner had not attached the memorandum to his petition and requiring him to file the memorandum by August 25, 2009. ECF Dkt. #11. The Court thereafter granted Petitioner's motion to extend the time in which to file the memorandum until September 25, 2009. ECF Dkt. #12; 9/3/09 Non-document Order. On September 23, 2009, the Clerk's Office docketed Petitioner's memorandum. ECF Dkt. #13. However, in addition to his memorandum, Petitioner attached another partially completed AO 241 form, indicating that it was an attachment to his original petition. ECF Dkt. #13. This petition stated the following under ground one:

> Please see 39 page brief that is a [sic] attachment to this application with all the constitutional violations, being the Fifth Admentment [sic] the Sixth Admendment [sic], the Eighth Admenment [sic], and Fourteenth Admement [sic]. 489067 All four of these constuional [sic] admemments [sic] 5th, 6th, 8th & 14th United States Constitutional [sic] rights. Please see 39 page brief attach [sic] to this applicat [sic].

ECF Dkt. #13 at 6. Besides the partially completed AO 241 form and the 39-page attachment, Petitioner also included 29 pages of printed material that he alleges were jury instructions that were first sent to him on July 1, 2009. *Id.* at 57-86. Petitioner underlined some of words in these 39 pages and placed notations next to some of them as well. *Id.* at 57-64, 67-69, 71-73, 75-76, 78, 80, 82-85. Petitioner also filed a number of other documents which he believed elaborated on his claims, including: a supplement to the petition (ECF Dkt. #14); a notice to the Court of cases cited in his petition (ECF Dkt. #15); a second supplement to the petition (ECF Dkt. #16); a letter regarding a mens rea element assertion regarding his conviction (ECF Dkt. #17), a third supplement to the petition (ECF Dkt. #19), a fourth supplement to the petition (ECF Dkt. #21); a reply brief (ECF Dkt. #22); "supplemental case law" in support of the petition (ECF Dkt. #23); a fifth

supplement to the petition (ECF Dkt. #24), and a second "supplemental case law" brief (ECF Dkt. #25).

In attempting to address Petitioner's original petition, Respondent asserted procedural bars in his answer/return of writ, but indicated confusion relating to Petitioner's grounds for relief. ECF Dkt. #10 at 9. Respondent also filed a motion opposing three of Petitioner's seven "supplements" to his petition due to Petitioner's lack of clearly specific grounds for relief and supporting facts for the grounds for relief. ECF Dkt. #20, citing ECF Dkt. #s 14, 16, 19.

On June 4, 2010, this Court notified Petitioner that his two partially completed AO241 forms, along with his 39-page attachment, 29-page notations on the "jury instructions," and numerous supplemental filings created difficulty in evaluating the grounds for relief that he was attempting to present. ECF Dkt. #29. Accordingly, the undersigned issued an Order requiring Petitioner to file an amended federal habeas corpus petition on an AO241 form addressing the issues in all of his prior filings as separate constitutional grounds for relief. *Id*. The undersigned further ordered Petitioner to present each ground for relief with its own supporting facts under its own number on the form. *Id*. The undersigned informed Petitioner that this amended petition would not be considered without clearly numbered grounds for relief. *Id*. The undersigned further cautioned Petitioner that if he did not comply with this Order, the undersigned would recommend that the Court dismiss his federal habeas corpus petition. *Id.* The undersigned also granted Respondent time in which to file an amended answer/return of writ and granted Petitioner time in which to file a traverse, if he chose to do so. *Id.*

On June 23, 2010, Petitioner filed another document advancing an apparent ground for relief. ECF Dkt. #27. This document was not filed on the AO241 form. Petitioner thereafter filed a motion for an extension of time in which to file his amended petition and a second motion for the appointment of counsel. ECF Dkt. #28. On June 30, 2010, the undersigned denied Petitioner's request for the appointment of counsel, finding that while Petitioner had confounded his grounds for relief and facts in support of those grounds by his numerous and lengthy filings, he could still present his arguments on his own if he would better organize, succinctly state, and support his grounds for relief in an AO241 form. ECF Dkt. #29 at 2. The undersigned granted Petitioner an

extension of time in which to file the amended federal habeas corpus petition, this time giving him until July 27, 2010 and requesting that the Clerk's Office mail him the AO241 form even though he apparently had access to the form since he had filed two prior petitions in this case on the form. *Id*. at 3. The Court also ordered that Petitioner's June 23, 2010 filing be stricken from the record since it did not comply with the Court's prior Order requiring grounds for relief to be presented in the AO241 form. *Id*. The undersigned again cautioned Petitioner that if he did not file his grounds for relief and supporting facts in accord with the undersigned's June 4, 2010 on the AO241 form, the undersigned would recommend that the Court dismiss his federal habeas corpus petition. *Id.*

On June 30, 2010, the Clerk's Office mailed a copy of the AO241 form to Petitioner. *See* Dkt. Text 6/30/10. On July 12, 2010, Petitioner filed a document indicating in the introductory paragraph that: "This Information that is [illegible] as a supplement to the attachment, to the memorandum along with the petition." ECF Dkt. #30 at 1. Respondent thereafter filed an answer to this document, noting that it was not filed in compliance with the undersigned's Orders, but asserting a procedural bar to the one ground for relief that he believed that Petitioner was asserting. ECF Dkt. #31.

On July 21, 2010, Petitioner filed a letter asserting grounds for relief. ECF Dkt. #32. On July 23, 2010, Petitioner filed another letter asserting grounds for relief. ECF Dkt. #33. Petitioner also filed another document on August 23, 2010 entitled "Litigation" Education Genocide. ECF Dkt. #34. None of these documents were submitted on an AO241 form. Nor were any of the documents presented in a clearly organized fashion with separated and numbered constitutional grounds for relief, each with supporting facts, as the undersigned ordered on June 4, 2010 and reminded Petitioner on June 30, 2010. *Id*.

## **II**.    **ANALYSIS**

Despite the warnings that the undersigned would recommend dismissal of Petitioner's federal habeas corpus petitions if he did not comply with the prior Orders, Petitioner has clearly not complied with those Orders. Requiring the Court to identify the constitutional bases of Petitioner's grounds for relief, and the grounds for relief themselves, and the facts supporting the grounds for relief "would set a precedent that would unnecessarily burden the Federal Courts by encouraging

petitioners to file bare-bones petitions and letting the Court argue their cases." *Middleworth v. Ohio*, No. 5:07CV1683, 2008 WL 2902059, at *2-3 (N.D. Ohio, July 22, 2008), unpublished (federal habeas corpus petition dismissed because petitioner failed to follow Court order to file compliant amended petition or face recommendation of dismissal of petition because it failed to enumerate constitutional claims and supporting facts). Accordingly, the undersigned recommends that the Court dismiss Petitioner's federal habeas corpus petition.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition.

Date: August 24, 2010  */s/George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).